## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 19-14253 |
| 3991 Transport Company Inc., | ) | |
| | ) | Chapter 11 |
| Debtor | ) | |
| | ) | Hon. Deborah L. Thorne |
| 3991 Transport Company Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 19-00866 |
| | ) | |
| v. | ) | |
| | ) | |
| Carolyn Alexander | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter comes before the court on a motion to dismiss the adversary complaint filed

by 3991 Transport Company, Inc., (Debtor), which seeks to avoid the transfer to Carolyn

Alexander (Alexander) of certain property located at 323 Dover Drive, Des Plaines, Illinois

(Property).  The transfer of the Property was ordered by the Domestic Relations Division of the

Circuit Court of Cook County after a contested proceeding and is contained in a Memorandum

Opinion and Judgment for Dissolution of Marriage dated March 29, 2017 (Judgment Order).

The Judgment Order determined that the Property was part of the marital estate, divided the

marital estate and ordered the transfer of the Property to Alexander.

Alexander's Motion to Dismiss is brought under Rule 12(b)(1) of the Federal Rules of

Civil Procedure which is applicable in the bankruptcy court under Rule 7012(b)(1) of the Federal

Rules of Bankruptcy Procedure.  Alexander argues that the complaint is a collateral attack on the

Judgment Order and is therefore barred under the *Rooker–Feldman* doctrine.

As explained below, the Motion to Dismiss is granted.

## BACKGROUND

### The State Court Judgment

After a contested trial, the Circuit Court of Cook County entered a judgment of marital

dissolution between Siakpere and Alexander on March 29, 2017. The transcript, which was

incorporated in the Judgment Order, explained the facts the state court relied upon. Specifically,

during the thirteen-year marriage, Siakpere entered into contracts to purchase two properties, 323

Dover Drive and 319 Dover Drive. These purchases were allegedly financed by Siakpere, who

borrowed funds from a credit union and pledged a taxi medallion as security. Siakpere assigned

the contracts to the Debtor, an "S" corporation which Siakpere controls and is the sole

shareholder.[1]

In the Judgment Order, both of the Dover Drive properties were determined to be marital

property pursuant to 750 ILCS 5/503(a).[2] Dkt. No. 14, page 27, lines 1–24. The state court then

divided the marital property by, among other things, awarding the Property to Alexander and the

other Dover Drive property to Siakpere. The Judgment Order held that there would be no

separate order for maintenance but that the division of property was in lieu of maintenance.[3] Dkt.

No. 14, page 27, lines 10–24.

Unhappy with the Circuit Court judgment, Siakpere filed a motion to reconsider which

sought to vacate the Judgement Order. The motion was denied. Subsequently, Siakpere appealed

the Judgment Order to the Appellate Court of Illinois First Judicial District. On September 28,

---

[1] According to the Schedules filed in the Debtor's case, Siakpere is the only equity holder in the Debtor.
[2] "'[M]arital property' means all property, including debts and other obligations, acquired by either spouse subsequent to the marriage." 750 ILCS 5/503(a).
[3] The state court judge indicated that Siakpere was not particularly credible, handled a lot of cash from his taxi business and it would be too difficult to determine his income for maintenance purposes. The state court indicated that the division of property was in lieu of a separate maintenance order. Dkt. No. 14, page 24, lines 1–14.

2019, the appellate court affirmed the lower court's judgment. While the appeal was pending, an order was entered in the divorce case requiring Siakpere to vacate the Property and transfer it to Alexander. After the appeal was denied, Siakpere still failed to transfer the Property and was found in contempt of court for violation of the Judgment Order. To purge his contempt, Siakpere transferred the Property to Alexander. Shortly after the transfer was recorded, 3991 Transport Company filed a petition seeking protection under chapter 11 of the Bankruptcy Code and filed this action.

### 3991 Transport Company Inc.'s Chapter 11 Case

The Debtor's complaint alleges that the court ordered transfer of the Property was a fraudulent transfer under section 548 of the Bankruptcy Code. In response, Alexander filed a motion to dismiss for lack of subject matter jurisdiction under FRCP Rule 12(b)(1). Alexander argues that the relief sought by the Debtor is prohibited under the *Rooker–Feldman* doctrine because the complaint is collaterally attacking the state court's judgment that ordered the transfer.

### JURISDICTION

This court has core jurisdiction over fraudulent transfers of the Debtor's property. 28 U.S.C. § 1334(b), 157(b)(2)(A) and (H). Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1409(a).

### STANDARDS ON MOTION TO DISMISS

This motion to dismiss filed under FRCP Rule 12(b)(1) challenges this court's subject matter jurisdiction. *In re Settlers' Hous. Serv., Inc.*, 540 B.R. 624, 630 (Bankr. N.D. Ill. 2015). Whether or not a plaintiff has standing to bring a lawsuit is a jurisdictional requirement which may be challenged through a motion made pursuant to Rule 12(b)(1). *Apex Digital, Inc. v.*

3

*Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). "The . . . court may properly look

beyond the jurisdictional allegations of the complaint and view whatever evidence has been

submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol*

*Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993). When resisting a motion to dismiss

under Rule 12(b)(1) for lack of subject matter jurisdiction, the plaintiff bears the burden of

demonstrating that subject matter jurisdiction exists for its claims. *Id.* at 443.

## DISCUSSION

The *Rooker–Feldman* doctrine developed from two Supreme Court cases: *Rooker v. Fid.*

*Tr. Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S.

462 (1983). The doctrine is a recognition of the principle that federal district courts lack

authority to exercise appellate review over state court judgments. *GASH Assocs. v. Vill. of*

*Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir.1993). This doctrine applies to bankruptcy courts as

well. *In re DiGregorio*, 458 B.R. 436, 441 (Bankr. N.D. Ill. 2011). State court litigants,

therefore, cannot file collateral attacks on state court civil judgments in federal courts but must

instead seek review via the state appellate process or in the U.S. Supreme Court. *Id.* at 727.

Because the doctrine affects subject matter jurisdiction, *Rooker–Feldman* can be raised at any

time, by either party, or *sua sponte* by the court. *Ritter v. Ross*, 992 F.2d 750 (7th Cir.1993),

*cert. denied*, 510 U.S. 1046 (1994).

Alexander argues that the Debtor's fraudulent transfer action violates the *Rooker–*

*Feldman* doctrine by essentially seeking review in federal court of the Judgment Order issued in

the dissolution proceeding. Essentially, to rule on Alexander's motion this court must determine

(1) whether the state court properly classified the Property as marital property and, (2) whether

the transfer was a a fraudulent conveyance under section 548. Requiring the court to consider

4

either question violates the *Rooker-Feldman* doctrine because this court would be acting as an

appellate court to the state court Judgment Order.

### Privity

The Debtor was not a party to the state court proceeding. Nevertheless, *Rooker–Feldman*

applies to it. The *Rooker–Feldman* doctrine applies not only to individuals that were parties to

the state court proceeding, but also to nonparties in privity with parties. *Kamilewicz v. Bank of

Boston Corp.* 100 F.3d 1348, 1351 (7th Cir. 1996), *cert.denied*, 520 U.S. 1204 (1997); *In re

Richard Haskell*, 1998 WL 809520, at *4 (Bankr. N.D. Ill. Nov. 19, 1998).

The Restatement (Second) of Judgments defines privity as a "cluster of relationships . . .

under which the preclusive effects of a judgment extend beyond a party to the original action and

apply to persons having specified relationships to that party." Restatement (Second) of

Judgments Introduction (Am. Law Inst. 1982).

> Privity is a word which expresses the idea that as to certain matters and in certain
> circumstances persons who are not parties to an action but who are connected
> with it in their interests are affected by the judgment with reference to interests
> involved in the action, as if they were parties.

Restatement of Judgments § 83 cmt. a (Am. Law Inst. 1942). These relationships include

corporations and their officers, directors and shareholders. *See* Restatement (Second) of

Judgments §§ 45–61 (Am. Law Inst. 1982). *See also In re L & S Indus.,* 989 F.2d 929, 934 (7th

Cir. 1993) (a nonparty is in privity with a party, when the party adequately represents the

nonparty's legal interest in the first proceeding).

With reference to the state court proceeding, Siakpere and the Debtor were in privity.

Siakpere formed the Debtor, was its sole shareholder and controlled it. Siakpere's legal interests

in the Property were congruent with the Debtor's legal interest. Further, Siakpere adequately

represented the Debtor's legal interests in that proceeding and after a contested proceeding, the

Property was determined to be part of the marital estate. The state court's finding is binding on the Debtor.

### *Rooker–Feldman* Doctrine

Next, to determine the applicability of the *Rooker–Feldman* doctrine, this court must ask whether the Debtor is seeking to set aside a state judgment or whether it is presenting an independent claim. *Remer v. Burlington Area Sch. Dist.,* 205 F.3d 990, 996 (7th Cir. 2000). If the Debtor is seeking to set aside the state judgment and the alleged injury was caused by the state court judgment, the *Rooker–Feldman* doctrine dictates that this court lacks subject matter jurisdiction. *GASH*, 995 F.2d at 728; *Kamilewicz*, 92 F.3d at 510. The doctrine applies even if the state court judgment might be erroneous or unconstitutional. *Id.*

It is important to note that the claims pled in federal court and state court need not be identical for the doctrine to apply. Impermissible appellate-type review is barred not only as to claims actually pled but also as to claims not pled that are inextricably intertwined with the state court judgment. *Remer*, 205 F.3d at 996; *Kamilewicz*, 92 F.3d at 510. While Siakpere could not have pled that the transfer of the Property was avoidable under 11 U.S.C. § 548 prior to the bankruptcy filing, he could have challenged the transfer under the state Uniform Fraudulent Transfer Act. 740 ILCS 160/1-12 (UFTA). In addition, he could have challenged the tranfer by claiming the Property belonged to the Debtor. As far as this court can tell, he did neither. The claim now pled in this court is "inextricably intertwined" with the state judgment and it is not an independent claim.

### Plaintiff's Requested Relief Requires this Court to Improperly Act as an Appellate Court to the State Court

To grant the plaintiff's requested relief, the court must essentially overturn one of two legal conclusions reached by the state court. This court must decide that either the Property was

6

not marital property and thus is property of the Debtor, or that the state court did not equitably

divide the marital property and thus the transfer was not for reasonably equivalent value.

Overruling the state courts decision on either of these issues would be an impermissible exercise

of appellate jurisdiction and thus is barred by the *Rooker–Feldman* doctrine.

In a very similar fact pattern, the bankruptcy court held that under the *Rooker-Feldman*

doctrine, it did not have subject matter jurisdiction to reverse a dissolution of marriage judgment

because the plaintiff, a chapter 7 trustee was essentially asking the federal court to review and

possibly reverse the state court judgment. *In re Estate of Royal*, 289 B.R. 913 (Bankr. N.D. Ill.

2003). The court further held that the state court ordered transfer of assets was not reviewable by

the federal court in the "absence of any specific allegations that the domestic relations judgment

was obtained as a part of a collusive scheme on the part of the parties to hinder, delay or defraud

creditors." *Id.* at 920.

Just as in the instant case, the plaintiff in the *Royal* case sought to have the bankruptcy

court overturn the state court judgment by arguing that the trustee's UFTA cause of action was

an independent claim over which the federal court had subject matter jurisdiction. The

bankruptcy court, however, refused to entertain the action under UFTA finding that it was

"inextricably intertwined with the state court judgment" and might have required the court to

overturn the transfer effected by that judgment. The court also refused to review whether the

transfer was for reasonably equivalent value, as to consider that would also require the

bankruptcy court to overturn the state court judgment. *Id.* at 921-922.

The Debtor's claim in this case attacks the state court judgment ordering the transfer and

not Alexander's conduct. To grant the Debtor its desired relief, this court would necessarily be

required to overturn the transfer effected by the state court judgment. Such a collateral attack of the state court's judgment is barred by the *Rooker–Feldman* doctrine. [4]

Finally, in its response to the motion to dismiss, the Debtor argues that *Rooker–Feldman* is simply not applicable to claims brought under sections 544 and 548 of the Bankruptcy Code. The Debtor relies heavily on dicta found in *Noel v. Hall*, 341 F.3d 1148, 1155, (9th Cir. 2003), stating that bankruptcy courts are empowered to avoid state judgments under sections 544 and 548. While the Seventh Circuit has not addressed whether causes of action brought under sections 544 and 548 are excepted from the *Rooker–Feldman* doctrine, this court finds that a state court judgment following a contested dissolution proceeding is precisely the type of state court judgment meant to be protected by the doctrine. This reasoning is in accord with the Seventh Circuit's instruction related to *Rooker-Feldman* discussed above.

Allowing a losing party in state court to attempt to avoid that judgment by filing bankruptcy undermines the finality of state court judgments and usurps the state court's jurisdiction. The plaintiff has the burden of proof to establish subject matter jurisdiction and has failed to do so. The Debtor was in privity with Siakpere for the purpose of the *Rooker–Feldman* doctrine. The section 548 claim brought in the complaint is inextricably intertwined with the validity of the Judgment Order. Thus, this court does not have subject matter jurisdiction and is

---

[4] While not cited by either party, there are cases where bankruptcy courts refused to invoke the *Rooker–Feldman* doctrine, these cases generally involve dissolution judgments entered pursuant to settlement between the divorcing parties rather than judgments entered by the court after a contested trial. The state courts did not make independent decisions as to the equitable division of marital property but relied upon the agreement of the spouses. *See In re Knippen*, 355 B.R. 710 (Bankr. N.D. Ill. 2006); *In re Kimmell*, 480 B.R. 876 (Bankr. N.D. Ill. 2012); *See also Strasen v. Strasen*, 897 F.Supp 1179 (E.D. Wisc. 1995) (finding that *Rooker–Feldman* does not apply when the state court merely approves a dissolution settlement). These cases do not involve an independent judgment by the state court. Moreover, where the judgment is entered pursuant to the parties' agreement, the potential for collusion is apparent. The better view followed by both the Fifth and Ninth Circuits is that a federal bankruptcy court should not avoid a transfer where a state court makes an independent judgment that the transfer was the proper division of marital property after a contested divorce hearing. *In re Bledsoe*, 569 F.3d 1106 (9th Cir. 2009); *In re Erlewine*, 349 F.3d 205 (5th Cir. 2003).

barred by *Rooker–Feldman* from reviewing and possibly reversing the state court Judgment Order.[5]

## **CONCLUSION**

The motion to dismiss is granted. This court does not have subject matter jurisdiction to reverse the state court judgment under the *Rooker–Feldman* doctrine. A separate order will be entered accordingly.

Dated:  January 21, 2020

Entered:

Deborah L. Thorne
United States Bankruptcy Judge

---

[5] Despite the holding in *Noel*, other reported Ninth Circuit cases which hold that a dissolution judgment that follows from a regularly conducted, contested divorce proceeding conclusively establishes "reasonably equivalent value" under 11 U.S.C. § 548(a)(1)(B) in the absence of fraud, collusion or violation of state law. *In re Bledsoe*, 569 F.3d 1106, 1112 (9th Cir. 2009). Thus, although the *Rooker-Feldman* doctrine is not raised in *Bledsoe*, the deference to the state court's determination of reasonably equivalent value indicates the respect given to the state court finder of fact and ultimately to the state court judgment.